IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIJAY KUMAR, ET AL., Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 06-1279 ) |
| RENEWAL, INC., Defendant. | ) ) ) |

MEMORANDUM ORDER

March 29, 2007.

The parties are familiar with the background and allegations of the case. We need only state that on September 16, 2004, plaintiffs filed a general information and discharge intake questionnaire and supporting documents with the Equal Employment Opportunity Commission. Plaintiffs indicated that they were dual filing under both the EEOC and the Pennsylvania Human Relations Act. The last event that plaintiffs' discrimination claim is based upon took place on January 15, 2004. Thus, the September 16 filing date with the EEOC is well outside of the 180 days required under the PHRA. See 43 Pa.C.S. § 959(h). Defendant has filed a motion to dismiss the PHRA count. The motion is granted.

To bring suit under the PHRA, a plaintiff must have first filed an administrative complaint with the PHRC within 180 days of the date of the alleged act of discrimination. Absent circumstances justifying equitable tolling, if no complaint is filed with the PHRC within this time, then the plaintiff is precluded from seeking judicial relief. In such a case, the court is deprived of

jurisdiction. This filing requirement is strictly interpreted and enforced. <u>See</u> <u>Woodson v. Scott Paper Co.</u>, 109 F.3d 913, 925 (3d. Cir. 1997).

Moreover, the work sharing agreement between the EEOC and the PHRC does not change Pennsylvania's statute of limitations: plaintiff must still file his charge of discrimination within 180 days with either the EEOC or the PHRC in order to preserve the state claims under the PHRA. <u>Id</u>. Plaintiffs failed to do so; thus, defendant's Partial Motion to Dismiss [document #2] is granted and the PHRA claims are dismissed.

BY THE COURT:

_____, J.

cc: All Counsel of Record