IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VIJAY KUMAR and )
BADRI NARAYAN, )
      Plaintiffs, )
     )
      v. ) Civil Action No. 06-1279
     )
RENEWAL, INC., )
      Defendant. )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                                May 1, 2008

      This is an employment discrimination case. Plaintiffs, Vijay Kumar and Badri Narayan, allege that defendant, Renewal, Inc., discriminated against them due to their country of national origin, i.e., India. They also allege that Renewal retaliated against them after they filed charges of discrimination. Kumar and Narayan contend that Renewal has violated Title VII of the Civil Rights Act of 1964, and that they are entitled to damages, including punitive damages, interest, costs, and fees.

      Renewal has filed a motion for summary judgment [doc. no. 31] arguing that Kumar and Narayan cannot establish a prima facia case, nor, even if they could, produce any evidence of pretext. In addition, Renewal claims that Kumar and Narayan have no evidence that they suffered damages as a result of any alleged retaliatory actions. Kumar and Narayan argue that they have produced enough evidence on each of their claims to allow the case

to reach a jury. We agree, and for the reasons that follow, deny the motion for summary judgment.

### I. FACTUAL BACKGROUND

Unless otherwise noted, the following facts are not in dispute. Other facts may be discussed in context throughout this opinion.

At the time of his termination, Vijay Kumar had worked for Renewal for approximately twelve years. While employed there, Kumar held various positions, including Executive Vice President. As Executive Vice President, Kumar often acted as Chief Executive Officer.

At the time of his termination, Badri Narayan had worked for Renewal for approximately eight years. While employed there, Narayan held various positions, including Manager of Information Services. As Manager, Narayan supervised the other three members of that department, one of which was also Indian, and two of which were Caucasian.

Renewal hired Doug Williams to be CEO on June 23, 2003. Kumar was one of five finalists considered for the position. Within weeks of Williams becoming CEO, Kumar was demoted to Vice President of Administration. He took a $50,000 pay cut as a result.

On December 10, 2003, the Renewal Board of Directors voted to eliminate Kumar's position. Prior to this vote, Williams told the Board that Kumar's position was not necessary. Williams did not notify Kumar of his termination, however, until January 9, 2004, the day after Williams called Kumar at home, late in the evening, and angrily accused him of viewing child pornography at work and planting self-destruction programs in Renewal's computer systems. The termination was made effective immediately.

On January 14, 2004, the Board voted to outsource the Information Services Department's functions. Prior to this vote, Williams, citing concerns about the security and HIPAA compliance of Renewal's computer systems, hired a consulting firm to evaluate Renewal's IS systems and staff. That firm, relying on concerns that Williams expressed to them as to the loyalties of certain IS staff members, recommended that the IS function be outsourced. At the same time that it made this recommendation, the consulting firm also recommended that some former in-house staff members be rehired by the consulting firm to service the Renewal contract. In fact, the consulting firm did hire the two Caucasian members of Renewal's IS department, but not the two Indian members. The day after the Renewal Board voted to outsource the IS Department, Williams notified Narayan that his position had been eliminated. The termination was made effective immediately.

By eliminating Kumar's position, and outsourcing the IS Department, Renewal terminated all three of its employees of Indian national origin. Although two Caucasian employees were also terminated, they were soon thereafter hired by the IS consulting firm for the specific purpose of servicing the Renewal contract.

To supplement his income after his demotion at Renewal, Kumar formed a consulting company called iOrange in September of 2003. Narayan was an officer of iOrange and began working there several months after Renewal fired him. After Renewal terminated Kumar and Narayan, Renewal sued iOrange, Kumar, and Narayan accusing them of selling Renewal's software programs to a hospital in St. Louis. There was no factual basis for that suit, as was later discovered when Renewal conducted limited factual investigation and research. In addition, one of Renewal's board members contacted Children's Hospital of Pittsburgh, which had contracted with iOrange, to express concerns that Renewal's former employees were using Renewal's software programs. An investigation revealed that there was no factual basis for these accusations either.

## II. Legal Authority

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party does not bear the burden of persuasion at trial, as here, its burden "may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Once the moving party has filed a properly supported motion, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

5

A dispute over those facts that might affect the outcome of the suit under the governing substantive law, <u>i.e.</u> the material facts, is a genuine issue that will preclude the entry of summary judgment. <u>Anderson</u>, 477 U.S. at 248. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. <u>Id</u>. at 248-49. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citations omitted). In sum, the inquiry under a Rule 56 motion is whether the evidence is so one-sided that the movant must prevail as a matter of law because no reasonable jury could return a verdict in the non-movant's favor. <u>Anderson</u>, 477 U.S. at 250-52.

III. DISCUSSION

With these standards in mind, the court has evaluated Renewal's motion for summary judgment and concludes that this matter must be submitted to a jury. Based on the evidence of record, the court believes that a reasonable juror could find that Renewal was motivated by discriminatory animus in terminating Kumar and Narayan, and retaliated against them. This evidence consists of more than the numerous disputed derogatory remarks reportedly made by Williams and Renewal's board members about people of Indian descent, although those remarks certainly inform our analysis. Instead, the circumstances surrounding Kumar's and Narayan's termination could lead a reasonable jury to conclude that Renewal fired them because of their national origin, and then retaliated against them and their new business. With no intention of being exhaustive, these circumstances include:

- that Kumar and Narayan were terminated so quickly after Williams, who allegedly made discriminatory comments about and to them, was hired, even though they had worked with Renewal for 12 and 8 years, respectively, without incident;

- that Williams specifically informed the IS consulting firm that Kumar and Narayan were not loyal (the only reasonable inference flowing from

7

the undisputed fact that the consulting firm hired the other two, presumably loyal, members of the IS Department to service Renewal's account);

- Williams' unexplained delay of over a month in informing Kumar that his position had been eliminated by the Board;
- an unexplained special focus, at Williams' direction, on these two employees' expense reports during a routine audit;
- the termination of both employees, after many years of exemplar service to Renewal, without any notice whatsoever;
- after hours, and personally delivered, accusations from Williams that Kumar had viewed child pornography at work, and had inserted self-destruct programs in Renewal's computer system;
- the fact that the terminations resulted, ultimately, in only, and all, employees of Indian national origin being permanently separated from Renewal; and
- a lawsuit being filed against these two employees and their new business venture without the most basic of pre-filing factual investigation.

8

Based on these facts, and others in the record, we find that there is sufficient evidence to allow a reasonable juror to conclude that Renewal fired Kumar and Narayan because of their national origin, and then retaliated against them under the applicable legal standards. A reasonable juror could also find, based on this record, that Renewal acted for non-discriminatory and non-retaliatory reasons. It is for exactly this reason that the matter must be submitted to a jury for resolution.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIJAY KUMAR and <br> BADRI NARAYAN, <br>     Plaintiffs, <br><br>     v. <br><br> RENEWAL, INC., <br>     Defendant. | Civil Action No. 06-1279 |

## ORDER

AND NOW, this 1st day of May, 2008, upon consideration of Renewal's motion for summary judgment [doc. no. 31], IT IS HEREBY ORDERED that the motion is DENIED.

BY THE COURT:

/s/ [signature]

cc: All Counsel of Record